## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## DAVENPORT DIVISION

| | |
|---|---|
| ERYN SMITH, | ) |
| on behalf of herself and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LITOW & PECH, P.C., CHARLES L. | ) |
| LITOW | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT  – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

## INTRODUCTION

1.      Plaintiff, Eryn Smith, brings this action to secure redress against unlawful credit and collection practices engaged in by Defendants Litow & Pech, P.C. ("Law Firm") and Charles L. Litow ("Litow").  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses, or abuses any debtor; and any false, deceptive, or misleading statements in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15  U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      Plaintiff complains that perjured affidavits were systematically filed and served in state court collection lawsuits.

1

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367  and 15 U.S.C. §1692k (FDCPA).

5.      Venue and personal jurisdiction over Defendants in this District are proper because Defendants' collection actions occurred here.

## PARTIES

6.      Plaintiff is an individual who resides in Davenport, Iowa in the Southern District of Iowa, Davenport Division.

7.      Defendant Law Firm is an Iowa professional corporation.  Its principal place of business is in Cedar Rapids, Iowa.  Its registered agent is Charles L. Litow and its address for service of process is 1847 E Ave. NE, Cedar Rapids. IA 52402.

8.      Defendant Litow is an individual who may be contacted at 1847 E Ave. NE, Cedar Rapids, Iowa.

## FACTS

9.      On or about October 3, 2011, Defendant Law Firm filed a complaint and attached documents in the Iowa District Court for Scott County against Plaintiff, seeking to collect a credit card debt allegedly incurred for personal, family, or household purposes on behalf of Convergence Receivables, LC.    A copy of the complaint (the "Small Claims Lawsuit"), which sought $688.47, and accompanying documents, including a "Verification of Account" affidavit, is in Exhibit A., attached.

10.      The "Verification of Account" affidavit is executed by one Dan Sauerbrei.

11.      Dan Sauerbrei is an employee of Defendant Law Firm.

12.     The "affidavit" states:

a.     "I am authorized to execute this affidavit, and would and could competently testify to the following facts if called as witness."

b.     "I am an authorized agent of the plaintiff herein."

c.     "That the Plaintiff's principal business consists of purchasing charged-off receivables."

d.     "The Plaintiff purchased the underlying account along with other debts.  As a result of the foregoing sale and assignment, the Plaintiff succeeded to all right, title and interest in the charged-off account from the original creditor.  The Plaintiff is the true and correct owner of the account."

e.     "Plaintiff and its predecessor entered into a contract where the predecessor made representations that the underlying account is legally valid and enforceable."

f.     "These representations indicate that in the ordinary course of business the original creditor provided the Defendant monthly billing statements at an address designated by the Defendant.  The monthly billing statements reflect the transactional history between the parties and demonstrate the Defendant's usage of the account."

g.     "The predecessor to this account did not represent that a valid billing error dispute had been raised by the Defendant."

h.     "The attached final statement represents the sum total of the monthly billing statements."

i.     "The final billing statement reflects the balance due at said time reflected by such statement, and with all just and due credits after the final statement the balance

stands at $603.56.  This is the amount due and owing from Defendant to Plaintiff exclusive of post charge off interest."

13.     Defendant Law Firm directed or caused the filing of the Small Claims Lawsuit .

14.     Defendant Litow signed the Small Claims Lawsuit complaint as attorney for the plaintiff therein.

15.     Defendant Litow was aware that Dan Sauerbrei: (i) is an employee of the Defendant Law Firm; (ii) signed the "Verification of Account" affidavit; and (iii) had no knowledge of the facts alleged in the "Verification of Account."

## General

16.     Dan Sauerbrei is an employee of Defendant Law Firm, not of the original creditor, nor even of the debt buyer, Convergence Receivables, LC. (Exhibit B).

17.     Dan Sauerbrei signed the affidavit even though he had no personal knowledge of the matters set forth therein.

18.     The statements in the affidavit that the affiant is "authorized to execute this affidavit, and would and could competently testify to the following facts if called as witness" are false.

19.     The information that the Defendants receive concerning a credit card debt is so minimal that Defendants cannot lay the foundation for and attach an account history or similar business record to its complaints.

20.     Currently there are approximately 1500 small claims collection actions filed in the Iowa District Court for Scott County by Defendant Law Firm.

21.     A random selection of 60 files of lawsuits filed by Defendant Law Firm on behalf of Convergence Receivables, LC in the Iowa District Court for Scott County showed that all 60 attached a Sauerbrei affidavit similar to that in <u>Exhibit A</u> and containing similar statements to those quoted above.

22.     Each of these affidavits was prepared in the same manner by Dan Sauerbrei, an employee of Defendant Law Firm, who had no personal knowledge of any facts relating to the debt.

23.     The purpose of the affidavits was to (a) convince the defendant therein not to resist and (b) facilitate the ministerial entry of a default judgment if the defendant therein failed to appear.

## CLASS ALLEGATIONS

24.     Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

25.     The class consists of (a) all natural persons (b) sued by Defendant Law Firm  (c) where an affidavit executed by Dan Sauerbrei was attached to the complaint, and (d) the suit was filed on or after a date one year prior to this action, and not more than 20 days after the filing of this action.

26.     The class members are so numerous that joinder is impracticable.

27.     On information and belief, there are more than 60 natural persons sued by Defendants Litow and Law Firm where an affidavit executed by Dan Sauerbrei was attached to the complaint, and the suit was filed on or after a date one year prior to this action, and not more than 20 days after the filing of this action.

28.     Based on an examination of computerized court records, it is estimated that there are 1500 class members in Scott County, Iowa alone.

29.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.  The predominant common questions are:

a.     Whether Defendants have a practice of filing false affidavits executed by Dan Sauerbrei;

b.     Whether such practice violates the FDCPA; and

c.     Whether such practice violates the Iowa U.C.C.C.

30.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

31.     Plaintiff will fairly and adequately represent the interests of the class members.  Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

32.     A class action is superior to other alternative methods of adjudicating this dispute.  Individual cases are not economically feasible.  Many debtors may not realize that their rights are violated.

## COUNT I – FDCPA

33.     Plaintiff incorporates paragraphs 1-32 by reference.

34.     The misstatements described above violate the FDCPA as constituting a "false . . . representation or means in connection with the collection of any debt" (§1692e), a false representation of the "character" of any debt (§1692e(2)(A)), and

"use of any false representation . . . to collect or attempt to collect any debt . . . " (§1692e(10)).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendants for:

       a.      Statutory damages;

       b.      Actual damages;

       c.      Attorney's fees, litigation expenses and costs of suit; and

       d.      Such other or further relief as the Court deems proper.

## COUNT II – IOWA U.C.C.C.

35.     Plaintiff incorporates paragraphs 1-32 by reference.

36.     Iowa U.C.C.C., Iowa Code § 537.7102. provides that a "debt collector" is "a person engaging, directly or indirectly, in debt collection, whether for the person, the person's employer, or others, and includes a person who sells, or offers to sell, forms represented to be a collection system, device, or scheme, intended to be used to collect debts."

37.     Defendants are debt collectors as defined by the Iowa U.C.C.C., Iowa Code § 537.7102.

38.     Defendants violated the following provisions of the Iowa U.C.C.C., Iowa Code § 537.7103 (4)(e) by filing or causing the filing of the affidavits executed by Dan Sauerbrei:

> **. . . 4.  A debt collector shall not use a fraudulent, deceptive, or misleading representation or means to collect or attempt to collect a debt or to obtain information concerning debtors. The following conduct is fraudulent Engaging in , deceptive,or misleading within the meaning of this subsection:**

**. . . e. An intentional misrepresentation, or a representation which tends to create a false impression of the character, extent or amount of a debt , or of its status in a legal proceeding.**

39      A private right of action exists for violation of the U.C.C.C. under Iowa Code § 537.5201.

40.      Plaintiff and each member of the class were damaged as a result.

WHEREFORE, Plaintiff requests that the Court grant the following relief in favor of Plaintiff and the class members and against Defendants:

a)      Compensatory and punitive damages;

b)      Costs; and

c)      Such other and further relief as is appropriate.

<u>s/ Ronald A. May</u>
Ronald A. May

Ronald A. May
Gomez, May, Schutte, Yeggy, Bieber & Wells
2322 E. Kimberly Road, Suite 120 W.
Davenport, IA  52807
(563) 359-3591
(563) 359-4230 (FAX)

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

s/ Ronald A. May
Ronald A. May

## **NOTICE OF LIEN**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

<u>s/ Ronald A. May</u>
Ronald A. May

Ronald A. May
Gomez, May, Schutte, Yeggy, Bieber & Wells
2322 E. Kimberly Road, Suite 120 W.
Davenport, IA  52807
(563) 359-3591
(563) 359-4230 (FAX)